Filed 7/31/25  P. v. Saucedo CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>GEORGE SAUCEDO,<br><br>  Defendant and Appellant. | B341581<br><br>(Los Angeles County<br>Super. Ct. No. SA051298) |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph J. Burghardt, Judge.  Affirmed.

Barhoma Law and Matthew Barhoma, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Michael C. Keller, Deputy Attorneys General for Plaintiff and Respondent.

————————————

George Saucedo appeals his sentence following the grant of his petition for habeas corpus. The superior court resentenced Saucedo in count 1 to a mandatory term of life in prison without the possibility of parole (LWOP) for special circumstance murder (Pen. Code,[1] §§ 187, subd. (a), 190.2, subd. (a)(21)), plus 25 years to life for an associated firearm enhancement (§ 12022.53, subd. (d)), and in count 2 to a consecutive term of four years for possession of a firearm by a felon (§ 12021, subd. (a)(1)).

On appeal, Saucedo contends the superior court erred because it was unaware of its discretion when resentencing him. Saucedo argues that (1) following a grant of habeas corpus, the court may craft a remedy as justice requires, including reducing a mandatory LWOP sentence; (2) the court may "prevent" a violation of the Eighth Amendment's prohibition on cruel and unusual punishment by declining to impose a mandatory LWOP sentence; and (3) recent trends indicate the Legislature intends for the courts to exercise their discretion to reduce LWOP sentences even in the absence of legislation specifically granting that discretion.

We affirm the superior court's sentencing order.

## PROCEDURAL HISTORY[2]

In 2006, a jury found Saucedo guilty of murder (§ 187, subd. (a)) and felon in possession of a firearm (§ 12021, subd.

---

[1] All further statutory references are to the Penal Code.

[2] We have omitted the facts of Saucedo's crimes as they are not necessary to the resolution of this appeal.

(a)(1)).  The jury found true the special circumstance that Saucedo committed the murder by discharging a firearm from a motor vehicle intentionally at another person (§ 190.2, subd. (a)(21)), and found true the allegations that he committed the crime for the benefit of a criminal street gang (§ 186.22) and personally used and intentionally discharged a firearm causing death in the commission of the offense (§ 12022.53, subd. (d)).  Saucedo admitted that he suffered a prior serious or violent felony within the meaning of the Three Strikes law.  (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)  The trial court sentenced Saucedo to LWOP for the special circumstance murder.  The trial court additionally imposed a term of 25 years to life for the firearm enhancement and 10 years for the gang enhancement.  The court doubled both enhancements pursuant to the Three Strikes law.  In the firearm possession count, the trial court imposed a concurrent middle term of two years, doubled to four years pursuant to the Three Strikes law.

In 2023, Saucedo filed a petition for writ of habeas corpus asserting that the trial court erred when it doubled the firearm and gang enhancements under the Three Strikes law.[3]  The People filed an informal response agreeing that the trial court had erred in this respect.  The superior court granted Saucedo's petition for habeas corpus and held a hearing on September 19, 2024, at which the court resentenced Saucedo to LWOP, plus 25 years to life for the firearm enhancement, plus a consecutive two years for felon in possession of a firearm doubled to four years

---

[3] Saucedo concurrently filed a section 1170, subdivision (d) petition for recall and resentencing that the court denied in an earlier proceeding.  That petition is not a subject of this appeal.

under the Three Strikes law.  Saucedo filed a timely notice of appeal from the resentencing.

## DISCUSSION

### A.    *Discretion Following a Grant of Habeas Corpus*

Saucedo first contends that, pursuant to section 1484, following a grant of habeas corpus the court has broad discretion to craft a remedy as justice requires and may reduce a mandatory LWOP sentence.  As Saucedo acknowledges, the penalty for first degree murder with a section 190.2, subdivision (a) special circumstance finding is either LWOP or death, and no lesser penalty may be legally imposed in the case of offenders 18 years of age or older.  (§ 1385.1 ["[n]otwithstanding [s]ection 1385 or any other provision of law, a judge shall not strike or dismiss any special circumstance which is . . . found by a jury or court as provided in [s]ections 190.1 to 190.5, inclusive"]; see also *People v. Ngo* (2023) 89 Cal.App.5th 116, 128 [LWOP is the mandatory minimum for first degree murder with special circumstances and trial court lacks authority to reduce that sentence].)  Saucedo argues that because the legislative trend is to grant courts discretion to reduce the sentences of youthful offenders like himself, who are between the ages of 18 and 25 years old, the court should have reduced his LWOP sentence under its broad habeas discretion in this case.  He asserts it is inevitable that section 190.5, which permits sentencing juvenile offenders to 25 years to life for special circumstance murder, will be amended to provide relief for offenders between the ages of 18 to 25 years old, and that courts should exercise their discretion upon grant of

4

habeas corpus to reduce such sentences in the interim. Saucedo has provided no authority to support his argument that the superior court's broad discretion following a grant of habeas corpus encompasses the ability to contradict the Legislature's express mandate that an enhancement for special circumstance murder cannot be stricken or dismissed for offenders 18 years of age or older. The contention lacks merit.

**B.** *Discretion to Prevent Eighth Amendment Violations in Sentencing*

At the resentencing hearing, Saucedo did not object to the sentence that the superior court imposed on the basis that it constituted cruel and unusual punishment under the Eighth Amendment. To avoid forfeiture on appeal, he now argues that the superior court has the discretion to "prevent" imposition of a sentence that violates the Eighth Amendment. This is a misconstruction of the law. "The plain language of section 1484 expressly addresses the scope of the court's authority *after* the traverse is filed and the issues are joined. [Citation.] Accordingly, once the court has decided that habeas corpus relief is warranted, section 1484 authorizes the court 'to fashion a remedy for the deprivation of any fundamental right which is cognizable on habeas corpus.' [Citation.] Section 1484 does not specifically provide the superior court with the power to ensure that all claims that could be raised regarding the legality of petitioner's detention have been raised, or to supplement the petition with new claims by way of the order to show cause." (*Board of Prison Terms v. Superior Court* (2005) 130 Cal.App.4th 1212, 1236.) The burden is on the petitioner to provide evidence and determine which claims to plead and prove as grounds for

habeas corpus. (*Ibid.*) "Only those claims raised in the original habeas corpus petition or in a supplemental habeas corpus petition may be considered by the court." (*Ibid.*) Saucedo forfeited his appeal by failing to object below.

Moreover, there is no basis for this court to consider the merits of Saucedo's Eighth Amendment claim pursuant to *In re Sheena K.* (2007) 40 Cal.4th 875, which permits review of pure questions of law that were not raised in the superior court. Unlike the argument in *Sheena K.*, Saucedo's argument is not purely legal—it rests on the specific facts of his case, including his maturity at the time of the offense and the specific circumstances of the crimes.

## C. *Legislative Intent for Courts to Exercise Extra-Legislative Discretion*

Finally, Saucedo argues that the legislative trend is to grant the courts greater discretion to impose a lesser sentence, and that it is therefore the Legislature's intention for courts to impose a lesser sentence when justice requires it regardless of whether such legislation has yet been enacted. Saucedo discusses several bills that have been enacted in the last decade, including legislation permitting courts to strike under section 1385 enhancements that were once mandatory, and legislation permitting courts to impose punishment for an offense with a lesser sentence when determining which sentence to impose under section 654 to avoid multiple punishment, although doing so was previously prohibited. None of the legislation Saucedo discusses relates to a court's authority to reduce an adult offender's sentence to LWOP. Regardless, Saucedo concludes

6

that here the court should have recognized this general legislative trend, and exercised its discretion to impose a lesser sentence than LWOP despite the fact that the Legislature has enacted laws expressly forbidding the court from doing so. Saucedo's contention ignores the separation of powers between the courts and the Legislature. The courts do not divine which laws the Legislature will enact in the future and exercise discretion that has not been granted. The courts decide cases according to the law that the Legislature has actually enacted. The superior court had no authority to exercise discretion as Saucedo suggests.

## DISPOSITION

We affirm the superior court's sentencing order.
NOT TO BE PUBLISHED.


                                          MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.


KIM (D.), J.